UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY MCGEE,

    Plaintiff,

v.

CITY OF PALO ALTO, et al.,

    Defendants.

Case No. 23-cv-02113-JD

**ORDER RE IFP APPLICATION AND DISMISSAL**

Pro se plaintiff Anthony McGee filed an application to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915, and a complaint alleging violations of the Fourth Amendment and the California Government Code against defendants the City of Palo Alto, the Palo Alto District Attorney's Office, and the Palo Alto Police Department. Dkt. Nos. 1, 4.

IFP requests are evaluated under 28 U.S.C. § 1915. The first question is whether the plaintiff's financial status excuses payment of the court's filing fees. The answer is yes. McGee states that he is unemployed with no sources of income, and pays monthly expenses of approximately $1,475. Dkt. No. 4. McGee meets the financial qualifications for IFP status.

The next question is whether the complaint is sufficient to stand, and the answer is no. The Court may "at any time" dismiss an IFP complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The standard is the same as under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court has afforded McGee and his complaint a liberal construction, as is appropriate for pro se litigants, but he must still allege facts plausibly demonstrating a claim for relief for the complaint to go forward. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *see also Nordin v. Scott*, No. 21-cv-04717-JD, 2021 WL 4710697, at *1 (N.D. Cal. Oct. 8, 2021).

The complaint as it currently stands does not meet these standards. The sole federal claim is brought under 42 U.S.C. § 1983 for an allegedly false arrest that occurred on April 20, 2023, and subsequent detention in violation of the Fourth Amendment. Dkt. No. 1 ¶¶ 17-32. The main problem is that the complaint does not allege that McGee has obtained a favorable termination of the criminal charges against him, which is required to recover damages for an allegedly unconstitutional conviction or imprisonment under Section 1983. *See Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994); *see also Davis v. Suhr*, No. 16-cv-04487-JD, 2017 WL 475289, at *1 (N.D. Cal. Feb. 6, 2017). If anything, the complaint indicates that the criminal charges against McGee were unresolved when he filed suit. *See* Dkt. No. 1 ¶ 11 (alleging that the District Attorney "did not dismiss the charges alleged in a criminal complaint against the Plaintiff"); *id.* ¶ 14 (alleging that a further court appearance "for the allegations of failing to register as a sex offender" was set for June 7, 2023).

If a plaintiff files "a false-arrest claim before he has been convicted (or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial)," the district court may "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.* at 394; *see also Davis*, 2017 WL 475289, at *2.

Because it is unclear from the pleadings if McGee has been convicted of any crime, if charges are currently pending, or if charges have been dismissed, the complaint is dismissed with leave to amend to provide more information about the current status of criminal charges against McGee. In addition, McGee must present more information on how his arrest was unlawful and violated the constitution. Simply providing a few conclusory allegations is insufficient. He must also describe the actions of specific defendants.

That resolves the only federal claim in the complaint. Until a plausible federal claim is alleged, the Court declines to exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1376(c)(3); *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013);

*see also Doe v. City of Concord*, No. 20-cv-02432-JD, 2021 WL 3140782, at *2 (N.D. Cal. July 26, 2021).

McGee may file an amended complaint by August 17, 2023.  McGee may not add any new defendants or claims, or make any additional filings in this case without the Court's prior approval.  A failure to meet this deadline will result in a dismissal of the case under Federal Rule of Civil Procedure 41(b).  The motion to dismiss, Dkt. No. 19, is terminated without prejudice, and the case management conference set for August 3, 2023, is vacated pending further order.

**IT IS SO ORDERED.**

Dated:  July 27, 2023

JAMES DONATO
United States District Judge